MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
TIMOTEA DURAN VILLALOBOS,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff*,

-against-

CHAPPAQUA SERENITY SPA INC.  (D/B/A
SERENITY SPA), SERENITY SPA & NAIL
INC.  (D/B/A SERENITY SPA), and CHOI
HAE JEONG,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Timotea Duran Villalobos ("Plaintiff Duran" or "Ms. Duran"), individually and

on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates,

P.C., upon her knowledge and belief, and as against Chappaqua Serenity Spa Inc. (d/b/a Serenity

Spa), Serenity Spa & Nail Inc. (d/b/a Serenity Spa), ("Defendant Corporations") and Choi Hae

Jeong, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Duran is a former employee of Defendants Chappaqua Serenity Spa Inc.

(d/b/a Serenity Spa), Serenity Spa & Nail Inc. (d/b/a Serenity Spa), and Choi Hae Jeong.

2.    Defendants own, operate, or control a nail salon, located at 20 King St., Chappaqua,

NY 10514 under the name "Serenity Spa."

3.    Upon information and belief, individual Defendant Choi Hae Jeong, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the nail salon as a joint or unified enterprise.

4.    Plaintiff Duran was employed as a nail technician and masseuse at the nail salon located at 20 King St., Chappaqua, NY 10514.

5.    At all times relevant to this Complaint, Plaintiff Duran worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Duran appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    At all relevant times, Defendants paid Plaintiff Duran at a rate that was lower than the required tip-credit rate.

8.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Duran's and other tipped employees' tips and made unlawful deductions from Plaintiff Duran's and other tipped employees' wages.

9.    Defendants' conduct extended beyond Plaintiff Duran to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Duran and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

- 2 -

11.    Plaintiff Duran now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Duran seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Duran's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a nail salon located in this district. Further, Plaintiff Duran was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.    Plaintiff Timotea Duran Villalobos ("Plaintiff Duran" or "Ms. Duran") is an adult individual residing in Queens County, New York.

16.    Plaintiff Duran was employed by Defendants at Serenity Spa from approximately July 2013 until on or about February 14, 2019.

17.     Plaintiff Duran consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a nail salon, located at 20 King St., Chappaqua, NY 10514 under the name "Serenity Spa."

19.     Upon information and belief, Chappaqua Serenity Spa Inc. (d/b/a Serenity Spa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 20 King St., Chappaqua, NY 10514.

20.     Upon information and belief, Serenity Spa & Nail Inc. (d/b/a Serenity Spa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 20 King St., Chappaqua, NY 10514.

21.     Defendant Choi Hae Jeong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Choi Hae Jeong is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Choi Hae Jeong possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.    Defendants operate a nail salon located in the Northern Westchester section of White Plains in New York.

23.    Individual Defendant, Choi Hae Jeong, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiff Duran's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Duran, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employed Plaintiff Duran (and all similarly situated employees) and are Plaintiff Duran's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiff Duran and/or similarly situated individuals.

28.    Upon information and belief, Individual Defendant Choi Hae Jeong operates Defendant Corporations as either alter egos of herself and/or fails to operate Defendant Corporations as entities legally separate and apart from herself, by among other things:

  a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for her own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for her own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of her own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect her own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiff Duran's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Duran, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Duran's services.

30.    In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or her enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the nail salon on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Duran is a former employee of Defendants who was employed as a nail technician and masseuse.

33.     Plaintiff Duran seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Timotea Duran Villalobos*

34.     Plaintiff Duran was employed by Defendants from approximately July 2013 until on or about February 14, 2019.

35.     Defendants ostensibly employed Plaintiff Duran as a Nail Technician and Masseuse.

36.     Plaintiff Duran regularly handled goods in interstate commerce, such as nail products and other supplies produced outside the State of New York.

37.     Plaintiff Duran's work duties required neither discretion nor independent judgment.

38.     Throughout her employment with Defendants, Plaintiff Duran regularly worked in excess of 40 hours per week.

39.     From approximately March 2015 until on or about February 14, 2019, Plaintiff Duran worked from approximately 9:30 a.m. until on or about 7:00 p.m., seven days a week from May through September (typically 57 hours per week).

40.     From approximately March 2015 until on or about February 14, 2019, Plaintiff Duran worked from approximately 9:30 a.m. until on or about 7:00 p.m., Tuesdays through Sundays from October through May (typically 47.5 hours per week).

41.     Throughout her employment, Defendants paid Plaintiff Duran her wages in a combination of personal check and cash.

42.     From approximately march 2015 until on or about December 2017, Defendants paid Plaintiff Duran a fixed salary of $50 per day.

43.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Duran a fixed salary of $65 per day.

44.     From approximately January 2019 until on or about February 14, 2019, Defendants paid Plaintiff Duran a fixed salary of $85 per day.

45.     Plaintiff Duran's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

46.     For example, Defendants required Plaintiff Duran to continue working an additional 6 hours later than her scheduled departure time two times throughout her employment, and did not pay her for the additional time she worked.

47.     Defendants never granted Plaintiff Duran any breaks or meal periods of any kind.

48.     Plaintiff Duran was never notified by Defendants that her tips were being included as an offset for wages.

49.     Defendants did not account for these tips in any accurate daily or weekly accounting of Plaintiff Duran's wages.

50.     Defendants withheld a portion of Plaintiff Duran's tips; specifically, Defendants pocketed a percentage of credit card tips.

51.     Plaintiff Duran was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

52.     On a number of occasions, Defendants required Plaintiff Duran to sign a document, the contents of which she was not allowed to review in detail.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Duran regarding overtime and wages under the FLSA and NYLL.

54.    Defendants did not provide Plaintiff Duran an accurate statement of wages, as required by NYLL 195(3).

55.    Defendants did not give any notice to Plaintiff Duran, in English and in Spanish (Plaintiff Duran's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.    Defendants required Plaintiff Duran to purchase "tools of the trade" with her own funds—including tools for pedicures.

*Defendants' General Employment Practices*

57.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Duran (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

58.    Plaintiff Duran was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

59.    Defendants' pay practices resulted in Plaintiff Duran not receiving payment for all her hours worked, and resulted in Plaintiff Duran's effective rate of pay falling below the required minimum wage rate.

60.    Defendants habitually required Plaintiff Duran to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

61.    Plaintiff Duran and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

62.     In violation of federal and state law as codified above, Defendants classified Plaintiff Duran and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

63.     Defendants failed to inform Plaintiff Duran who received tips that Defendants intended to take a deduction against Plaintiff Duran's earned wages for tip income, as required by the NYLL before any deduction may be taken.

64.     Defendants failed to inform Plaintiff Duran who received tips, that her tips were being credited towards the payment of the minimum wage.

65.     Defendants failed to maintain a record of tips earned by Plaintiff Duran who worked as a nail technician and masseuse for the tips she received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Duran worked.

66.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Duran who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a nail technician and masseuses of a portion of the tips earned during the course of employment.

67.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

68.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

69.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

70.     Defendants paid Plaintiff Duran her wages in a combination of personal check and cash.

71.     On a number of occasions, Defendants required Plaintiff Duran to sign a document the contents of which she was not allowed to review in detail. Defendants paid Plaintiff Duran her wages in a combination of personal check and cash.

72.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

73.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Duran (and similarly situated individuals) worked, and to avoid paying Plaintiff Duran properly for her full hours worked.

74.     Defendants engaged in her unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

75.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Duran and other similarly situated former workers.

76.     Defendants failed to provide Plaintiff Duran and other employees with accurate wage statements at the time of her payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

77.     Defendants failed to provide Plaintiff Duran and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

78.      Plaintiff Duran brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

79.     At all relevant times, Plaintiff Duran and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

80.     The claims of Plaintiff Duran stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

81.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Duran's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Duran (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

83.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

85.     Defendants failed to pay Plaintiff Duran (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

86.     Defendants' failure to pay Plaintiff Duran (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

87.     Plaintiff Duran (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

88.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Duran (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90.     Defendants' failure to pay Plaintiff Duran (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

91.     Plaintiff Duran (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

92.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiff Duran's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Duran, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

94.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Duran less than the minimum wage.

95.     Defendants' failure to pay Plaintiff Duran the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

96.     Plaintiff Duran was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

97.      Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Duran overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

99.     Defendants' failure to pay Plaintiff Duran overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

100.    Plaintiff Duran was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

101.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants failed to provide Plaintiff Duran with a written notice, in English and in Spanish (Plaintiff Duran's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

103.    Defendants are liable to Plaintiff Duran in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

104.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

105.    With each payment of wages, Defendants failed to provide Plaintiff Duran with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

106.    Defendants are liable to Plaintiff Duran in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

107.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants required Plaintiff Duran to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

109.    Plaintiff Duran was damaged in an amount to be determined at trial.

<u>**EIGHTH CAUSE OF ACTION**</u>

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

110.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

111.    At all relevant times, Defendants were Plaintiff Duran's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

112.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

113.    Defendants unlawfully misappropriated a portion of Plaintiff Duran's tips that were received from customers.

114.    Defendants knowingly and intentionally retained a portion of Plaintiff Duran's tips in violations of the NYLL and supporting Department of Labor Regulations.

115.    Plaintiff Duran was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Duran respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Duran and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Duran and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Duran's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Duran and the FLSA Class members;

(f)    Awarding Plaintiff Duran and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Duran and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Duran;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Duran;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Duran's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Duran;

(l)     Awarding Plaintiff Duran damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Duran damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Duran liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Duran and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Duran and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Duran demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 3, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 2, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                          Timotea Duran Villalobos
Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           3 de marzo 2021

*Certified as a minority-owned business in the State of New York*